UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br>               Plaintiff,<br>    v.<br>KEITH ROMELLE FIELDS,<br>               Defendant. | Case No. 15-cr-00249-SI-1   (JSC)<br><br>**DETENTION ORDER** |

On May 5, 2015, defendant Keith Romelle Fields was charged by federal indictment with two counts of possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1). The government has since dismissed Count One, and is proceeding with prosecution of Count Two.

This matter initially came before the Court on May 19, 2015, for a detention hearing. Defendant Fields was present and represented by Gabriela Bischof, Assistant Federal Public Defender. Assistant United States Attorney Rita Lin appeared for the government. Counsel for Defendant requested that the detention hearing be continued until Defendant could be interviewed for a residential drug treatment program. The Court granted that request and continued the hearing.

On June 9, 2015, the detention hearing was held. Defendant was present and represented by AFPD Bischof, and AUSA Lin appeared for the government. Pretrial Services Officer Brad Wilson appeared as well. Officer Wilson reported that Defendant had been interviewed for the Newbridge residential drug treatment program, and that Newbridge found that Defendant would be a proper candidate for its program, if the Court were to release him.

Pretrial Services nonetheless recommended that Defendant be detained, citing, among other things, Defendant's lengthy criminal history, which includes a robbery conviction, a felon in

possession of a firearm conviction, and convictions for drug sales, as well as the lack of any appropriate surety. The government moved for detention, and Defendant opposed. Proffers and arguments regarding detention were submitted by the parties at the hearing.

Upon consideration of the facts, proffers and arguments presented, and for the reasons stated on the record, the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community and the appearance of Defendant as required. Accordingly, Defendant will be detained pending trial in this matter.

The present order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons as required by 18 U.S.C. § 3142(i)(1). As noted on the record, the Court makes the following findings as a basis for its conclusion that no condition or combination of conditions will reasonably assure the safety of other persons and the community and the appearance of Defendant as required:

Defendant has a lengthy criminal history, going back 25 years, which includes ten felony convictions. Among other crimes, those convictions include a conviction for robbery, two convictions for sale or transport of drugs, and a conviction for firearms possession. Defendant's criminal conduct has continued in recent years. In 2012, Defendant was convicted of sale and transport of heroin. In this case Defendant is charged with having 19 bindles of heroin, each of approximately 3 grams, found in Defendant's hotel room. At the time, Defendant was on probation for both his 2012 conviction for sale and transport of heroin and another 2013 conviction for receipt of stolen property.

Moreover, Defendant's activities continued after Defendant had previously been given an opportunity for residential drug treatment. Defendant enrolled in Walden House's residential drug treatment program for nine months. He was terminated from the program after Walden House concluded that he had smoked Spice, in violation of the rules of the program, and he thereafter engaged in the conduct that was the basis of his 2012 conviction for sale and transport of heroin and his 2013 conviction for receipt of stolen property.

In addition, Defendant has been unable to identify an appropriate surety. His sole

proposed surety is his girlfriend of 30 years. According to the defense's own proffer, she was involved with him throughout the time period during which he committed the felonies detailed above. In addition, she has herself been arrested, though not convicted, of drug possession on two occasions.

The Court therefore concludes that no condition or combination of conditions will reasonably assure the safety of other persons and the community and the appearance of the defendant as required. These findings are made without prejudice to the defendant's right to seek review of his detention should new information arise.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. Defendant Fields be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. Defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States marshal for the purpose of any appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

Dated: June 12, 2015

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge